1   MICHAEL A. ISAACS (SBN 99782)
      michael.isaacs@dentons.com
2   ANDREW S. AZARMI  (SBN 241407)
      andrew.azarmi@dentons.com
3   DENTONS US LLP
    One Market Plaza, Spear Tower, 24th Floor
4   San Francisco, CA  94105
    Telephone:     (415) 267-4000
5   Facsimile:     (415) 267-4198

6   Attorneys for JANINA M. HOSKINS, Chapter 7 Trustee

7   PETER BONIS (SBN 122016)
    LAW OFFICES OF PETER BONIS
8   1990 California Street, 8th Floor
9   Walnut Creek, California 94596
    Telephone: (925) 287-6428
10  peter@bonislaw.com

11  Attorneys for Defendants
    MONICA HUJAZI AND
12  JAQUELINE M. ZUERCHER

13

14                    UNITED STATES BANKRUPTCY COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17  In re                              Case No:  13-30477 HLB
                                       Chapter 7
18   MONICA H. HUJAZI,                 Hon. Hannah L. Blumenstiel

19          Debtor.

20                                     Adversary Proceeding No. 17-3087

21  JANINA M. HOSKINS, Trustee,
                                       **JOINT CASE MANAGEMENT
22          Plaintiff                  STATEMENT  (FED. R. CIV. P.  26(f)
                                       REPORT AND DISCOVERY PLAN)**
23  v.
                                       Date:     March 8, 2018
24  MONICA HUJAZI,                     Time:     2:00 pm
                                       Place:    Courtroom 19
25          Defendant.                           450 Golden Gate Ave, 16th Floor
                                                 San Francisco, CA 94102
26

27

28

                                                                              1

Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 7026, the Federal Rules of Civil Procedure, Rule 26(f), and Northern District of California Civil Local Rule 16, Plaintiff-Trustee Janina Hoskins ("Trustee") and Defendant-Debtor Monica Hujazi ("Debtor") (collectively, the "Parties") have met and conferred and hereby submit their Joint Case Management Statement.

## 1. Jurisdiction/Venue

- This Court has original subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.
- There are no known issues with personal jurisdiction.
- All named parties have been served, and there are no known outstanding issues with service.

## 2. Factual Summary of Case

This case concerns the Trustee's request that the Court deny bankruptcy discharge of Monica H. Hujazi.

### a. Trustee's position:

Debtor has taken multiple actions which violate 11 U.S.C. § 727. After the Order for Relief was entered, the Debtor:

Debtor has taken multiple actions which violate 11 U.S.C. § 727. After the Order for Relief was entered, the Debtor:

- Attempted to sell real property located at 2400 Filbert, Oakland, CA 94607 to a third-party buyer without the Trustee or the Court's permission or knowledge. The Debtor's attempted sale fell through but is well-documented, including multiple written offers and counteroffers. The Trustee discovered the Debtor's efforts to sell the property through her own investigation during her efforts to sell the property;

- Attempted to lease the same real property located at 2400 Filbert, Oakland, CA, through one of her d/b/a companies without the Trustee or the Court's permission or knowledge;

- Created a tenancy and accepted a security deposit and rent payments for that

2

1  tenancy in the same real property located at 2400 Filbert, Oakland, CA, without the Trustee or the

2  Court's permission or knowledge.

3      •       Misrepresented in her Schedule of Statement of Financial Affairs that, "to the best

4  of [her] knowledge," she did not transfer any property to a self-settled trust or a similar device of

5  which she is a beneficiary, an untrue statement. In truth, she transferred significant assets to the

6  Monica Hujazi Trust Dated January 23, 2008, which for all practical and legal purposes was a

7  self-settled trust.

8      •       Deposited multiple checks made payable to the "Monica Hujazi Trust" into her

9  personal checking account, none of which were disclosed to the Trustee or the Court.

10     •       Concealed a 2006 Mercedes McLaren and hindered the Trustee's ability to capture

11  and liquidate that asset.

12              **b.       Debtor's position:**

13     •   Ms. Hujazi's attempt to sell the Filbert property violated no laws and was not

14         illegal.

15     •   Ms. Hujazi's attempt to lease the Filbert property was lawful:

16     •   No tenancy as created at the Filbert property

17     •   The property referred to in the Schedule of Financial Affairs was transferred *prior*

18         to the deadline for transfer of such property.  This matter was litigated and decided

19         in front of Judge Montali.

20     •    The checks made payable to the "Monica Hujazi Trust" into her personal

21         checking account, are not the property of the bankruptcy estate because they are

22         property of her deceased mother's estate, the death occurred after the filing of the

23         bankruptcy.

24     •   Debtor did not conceal a 2006 Mercedes McLaren and hindered the Trustee's

25         ability to capture and liquidate that asset.

26  **3.  Legal Issues**

27     The controlling disputed legal issues are:

28     •   Whether the Debtor has knowingly and fraudulently received and attempted

3

1  to obtain money and property which rightly belongs the estate.

2  • Whether the Debtor has concealed property of the estate after the filing of

3  the petition.

4  • Whether the Debtor has attempted to hinder and frustrate the Trustee's

5  ability to properly administer the estate.

6  **4. Motions**

7  There are no prior or pending motions. The Trustee may file a motion for summary

8  judgment.

9  **5. Amendment of Pleadings.**

10  The Parties do not anticipate adding any additional parties, claims or defenses to this

11  lawsuit. The Parties also do not anticipate any pleading amendments.

12  **6. Evidence Preservation.**

13  The parties will meet and confer further regarding the preservation of evidence. All

14  parties are complying in good faith with their obligations to preserve potentially relevant

15  documents.

16  **7. Disclosures.**

17  The parties will exchange initial disclosures on February 22, 2018. The Parties do not

18  anticipate any problem with the exchange.

19  **8. Discovery.**

20  **a. Discovery Taken to Date.**

21  None of the parties has taken discovery to date.

22  **b. Scope of Anticipated Discovery**

23  The scope of discovery is the merits of the case, defined by the Complaint.

24  **c. Electronically Stored Information**

25  The parties will meet and confer in good faith regarding a protocol for the production of

26  ESI when discovery has opened in this matter.

27  **d. Limitations on or Modifications of the Discovery Rules**

28  The parties do not anticipate any changes to the limitations in discovery proposed by the

4

1    Federal Rule or Local Rules at this time.

2                    **e.      Rule 26(f)(3) discovery plan.**

3    26(f)(3)(A):    No changes to the initial disclosures.

4    26(f)(3)(B):    Discovery shall be on the full scope of merits, and as allowed under the FRCP

5    with the usual limits based on relevance, proportionality, privilege and otherwise. The Parties

6    proposed discovery completion date is set forth below.

7    26(f)(3)(C):    No notable issues or obstacles were presented or are anticipated in relation to

8    discovery or ESI.

9    26(f)(3)(D):    The Parties agree that privileged materials shall be returned or destroyed upon

10   discovery by either Party, at the request of either party in writing by email or letter, for the

11   duration of the litigation. Any dispute over whether particular information is privileged shall be

12   decided by this Court as required in accordance with the FRBP, FRCP, FRE, Northern District

13   Local Rules and any standing orders or required procedure of this Court.

14   26(f)(3)(E):    No changes or modifications to the requirements of the FRCP and Local Rules.

15   26(f)(3)(F):    No such orders are needed at this time.

16         **9.  Class actions.**

17         This action is not a class action.

18         **10. Related cases.**

19         This adversary proceeding is related to the main case *In re Monica Hujazi*, Case No. 13-

20   30477 HLB, in the United States Bankruptcy Court, Northern District of California. It is also

21   related to the associated *Janina Hoskins v. Monica Hujazi*, Adv. Proc. No. 17-3079 (to set aside

22   the Monica Hujazi Trust Dated January 23, 2008).

23         A creditor in the case, Michael Grodsky, has also filed an adversary proceeding against the

24   Debtor seeking to deny the Debtor's discharge. *Grodsky v. Hujazi*, Adversary Proc. No. 17-

25   03088.

26         **11. Relief sought.**

27                    **a.      Complaint.**

28         Trustee's Complaint seeks a judgment denying the Debtor a discharge under 11 U.S.C. §

5

727(a)(2) and (a)(4) and costs.

**12. <u>Settlement and ADR.</u>**

The parties are amenable to the Bankruptcy Dispute Resolution Program, pursuant to Rule 9040-1 of the Bankruptcy Local Rules for the Northern District of California.

**13. <u>Consent to Magistrate Judge for All Purposes.</u>**

Not applicable.

**14. <u>Other references.</u>**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. <u>Narrowing of Issues.</u>**

The parties are not aware of any issues that can be narrowed at this time.

**16. <u>Expedited Trial Procedure</u>**

The parties do not believe that this is the type of case that can be handled on an expedited Basis.

**17. <u>Scheduling</u>**

The Parties suggest the following schedule, subject to the Court's schedule:

| | |
|---|---|
| Discovery cutoff: | August 24, 2018 |
| Final motion hearing date: | October 5, 2018 |
| Final pretrial conference date: | January 7, 2019 |
| Trial Date: | January 22, 2019 |

Expert deadlines will be based off of the FRCP and Local Rules.

**18. <u>Trial</u>**

The parties anticipate a one (1) day trial based on the current scope of the case.

**19. <u>Disclosure of Non-party Interested Entities or Persons.</u>**

The parties are unaware of any non-party persons, firms, partnerships, corporations, or other entities that either have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could substantially be affected by the outcome of the proceeding.

6

**20. Professional Conduct.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters.**

None at this time.

DATED:  February 21, 2018        DENTONS US LLP


By:       */s/ Andrew Azarmi*
               ANDREW S. AZARMI
               Attorneys for Plaintiff JANINA M. HOSKINS,
               Trustee in Bankruptcy

DATED:  February 21, 2018        LAW OFFICES OF PETER BONIS


By:       */s/ Peter Bonis*
               PETER BONIS
               Attorneys for Defendants MONICA HUJAZI AND
               JAQUELINE M. ZUERCHER

## ATTESTATION CLAUSE

I, Andrew S. Azarmi, hereby attest in accordance with Local Rule 5-1(i)(3) that each signatory has concurred in the filing of this document.

DATED:  February 21, 2018        DENTONS US LLP


By:       */s/ Andrew Azarmi*
               ANDREW S. AZARMI
               Attorneys for Plaintiff JANINA M. HOSKINS,
               Trustee in Bankruptcy

7